**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             CRIMINAL NO.  07-766 WJ

ROBERT COOK, JAMES CURTIS THOMPSON,
and SAMUEL ZACHARY ARRINGTON,

    Defendants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING STATEMENTS OF**

**CO-CONSPIRATORS**

    **THIS MATTER** comes before the Court on the issue of whether statements of alleged co-conspirators offered against the Defendants may be admitted during the guilt/innocence phase of trial. At a prior hearing on the Motion in Limine to Prohibit Government's Case Agent from Testifying as an Expert Witness (Doc. 234) and Motion for Daubert Hearing (Doc. 235), the Court announced, without objection, that it intended to follow the procedure for the *James* Hearing that was approved by the Tenth Circuit in United States v. Owens, 70 F.3d 1118 (10th Cir. 1995), whereby the case agent testifies and provides a summary of co-conspirator statements in accordance with the Government's Supplemental and Second Supplemental Briefs Regarding Identification of Co-Conspirator Statements for *James* Hearing (Docs. 371 and 378).

    The Court has considered the evidence offered at the *James* Hearing held on September 10, 2008, the arguments of counsel, the evidence offered at the *Daubert* Hearing involving the testimony of the case agent on July 28, 2008, the Government's Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing (Doc. 371), and the

Government's Second Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing (Doc. 378).[1]

As a preliminary matter, the Court finds, based upon a preponderance of the evidence, that the Defendants Thompson, Cook, and Arrington entered the conspiracy to murder Billy Anders on or about the following dates:

> Defendant Thompson: June 6, 2006
>
> Defendant Cook: May 19, 2006
>
> Defendant Arrington: May 23, 2006

At the September 10, 2008 hearing, Defendants raised objections to statements referenced in the Government's Brief Identifying Co-conspirator Statements for *James* Hearing (Doc. 371) that were made prior to the dates the Defendants entered the conspiracy to murder Billy Anders. Specifically, Defendants object to the statement referenced as the *Aue Letter* (Government Exhibit 4) and the statement referenced as the *Puckett Letter* (Government Exhibit 6), as both were made on dates prior to the dates Defendants entered the conspiracy.

In order for a statement of a co-conspirator to be admitted as a non-hearsay statement under Federal Rule of Evidence 801(d)(2)(E), there must be a conspiracy, the statement must be made during the course of an in furtherance of the conspiracy, and the declarant and the defendant must be members of the conspiracy. United States v. James, 550 F.2d 575, 578 (5th Cir. 1979). The Court is not aware of any general prohibition against admitting 801(d)(2)(E) co-conspirator statements solely because such statements occurred before the date a defendant

---

[1] In addition to the testimony of the case agent on September 10, 2008, the Court has considered all exhibits admitted for purposes of the *James* Hearing except Governments Exhibits 59 and 60, the Sealed Plea Agreements of Defendants Michael Thomas Brown and Jason Lee Hankins, respectively. Because the Court is not sure whether Defendants Brown and Hankins will testify at trial and because the statements of Defendants Brown and Hankins in their respective Sealed Plea Agreements are testimonial in nature, the Court did not consider Exhibits 59 or 60 in making any of the findings and conclusions herein set forth.

entered the conspiracy. In fact, the circuit precedent of which the Court is aware specifically allows for the admission of 801(d)(2)(E) co-conspirator statements made prior to a defendant's entry into the conspiracy. See United States v. Brown, 943 F.2d 1246, 1253-55 (10th Cir. 1991). See also United States v. Handlin, 366 F. 3d 584, 590 (7th Cir. 2004); United States v. Baines, 812 F.2d 41, 42 (1st Cir. 1987)(". . . [A] conspiracy is like a train. When a party knowingly steps aboard, he is part of the crew, and assumes conspirator's responsibility for the existing freight—or conduct—regardless of whether he is aware of just what it is composed.").

Additionally, as for the *Aue Letter*, in the words of the Government's witness, it was a directive to Aryan Brotherhood members to kill Billy Anders; a so-called "call to arms." It was written in code and disseminated by mail and other means to other Aryan Brotherhood members. Since there was no evidence that the *Aue Letter* was ever rescinded, the Court considers the *Aue Letter* as an ongoing, continuous statement that was initially made on or about April 17, 2005 and certainly continued to be made past the dates Defendants Thompson, Cook and Arrington entered the conspiracy to kill Billy Anders. The same rationale extends to the directive contained in the *Puckett Letter*. Accordingly, Defendants' objections to the *Aue Letter* and the *Puckett Letter* on the basis that the statements were made prior to Defendants' entry into the conspiracy to murder Billy Anders are overruled.

Having decided this preliminary issue, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Existence of the Conspiracies Charged

1. The Government has established the existence of the following conspiracies charged in the Second Superseding Indictment (Doc. 193) by a preponderance of the evidence:

a.  The conspiracy to murder Billy Anders charged in Count One of the Second Superseding Indictment (hereinafter "the Indictment"), from in and about April 17, 2005 through in and about the date of the Indictment.

b.  The conspiracy to distribute Methamphetamine charged in Count Eight of the Indictment, from in and about September 28, 2006 through in and about November 2, 2006.

c.  The Conspiracy to distribute Methamphetamine charged in Count Nine of the Indictment, from in and about September 28, 2006 through in and about November 2, 2006.

<u>Defendant Cook was a Member of the Conspiracies Charged in Counts One and Nine</u>

2.  The Government has established that Defendant Cook was a co-conspirator who personally participated in the conspiracies charged in Counts One and Nine of the Indictment during the following periods:

a.  As to the conspiracy charged in Count One of the Indictment, from in and about May 19, 2006 through in and about the date of the Indictment.

b.  As to the conspiracy charged in Count Nine of the Indictment, from in and about September 28, 2006 through in and about November 2, 2006.

<u>Defendant Arrington was a Member of the Conspiracies Charged in Counts One and Eight</u>

3.  The Government has established that Defendant Arrington was a co-conspirator who personally participated in the conspiracies charged in Counts One and Eight of the Indictment during the following periods:

a.  As to the conspiracy charged in Count One of the Indictment, from in and about May 23, 2006 through in and about the date of the Indictment.

b. As to the conspiracy charged in Count Nine of the Indictment, from in and about September 28, 2006 through in and about November 2, 2006.

Defendant Thompson was a Member of the Conspiracy Charged in Count One

4. The Government has established that Defendant Thompson was a co-conspirator who personally participated in the conspiracy charged in Counts One of the Indictment during the following periods:

a. As to the conspiracy charged in Count One of the Indictment, from in and about June 6, 2006 through in and about the date of the Indictment.

Co-Conspirators of Defendants Cook, Arrington and Thompson

5. The Government has established by a preponderance of the evidence that the following individuals were co-conspirators who, together with Defendants Cook, Arrington, and Thompson, participated in the conspiracies specified:

a. Richard Aue was a co-conspirator who participated in the conspiracy charged in Count One from in and about April 17, 2005 through in and about the date of the Indictment, primarily by writing a letter directing the Aryan Brotherhood revenge murder of Billy Anders (the *Aue Letter*)( Doc. 193 at 12, Doc. 371 at 1-2).

b. Miranda Helen Malone was a co-conspirator who participated in the conspiracy charged in Count One from in and about April, 2005 through in and about the date of the Indictment, primarily by mailing copies of a letter written by Richard Aue directing the murder of Billy Anders to various members of the Aryan Brotherhood in New Mexico (Doc. 193 at 12, Doc. 371 at 35-37).

c. Owen Puckett, Jr. was a co-conspirator who participated in the conspiracy charged in Count One from in and about May 1, 2005 through in and about the

        date of the Indictment, primarily by writing a letter directing the murder of Billy Anders and asking for a meeting to discuss the murder in detail (the *Puckett Letter*)(Doc 193 at 13, Doc. 371 at 2-3).

d.    Mary Berry was a co-conspirator who participated in the conspiracy charged in Count One from in and about May 30, 2006 through in and about the date of the Indictment, primarily by mailing copies of the *Puckett Letter* to Aryan Brotherhood of Texas leaders (Doc. 193 at 13-14, Doc. 371 at 19-20).

e.    Courtlan Edmonds was a co-conspirator who participated in the conspiracy charged in Count One from in and about May 16, 2006 through in and about the date of the Indictment, primarily by facilitating and maintaining communications regarding the planning of the Anders murder (Doc. 193 at 13, Doc. 371 at 3-4).

f.    Rebecca Puckett was a co-conspirator who participated in the conspiracy charged in Count One from in and about June 3, 2005 through in and about the date of the Indictment primarily by providing Aryan Brotherhood members with Billy Anders' address and telephone information (Doc. 193 at 14, Doc. 371 at 7-8).

g.    Sue Ellison Johnston was a co-conspirator who participated in the conspiracy charged in Count One from in and about August 11, 2006 through in and about the date of the Indictment, primarily by forwarding news articles related to the murder of Earl Flippen and the criminal case against Billy Anders to various Aryan Brotherhood members (Doc. 371 at 38-39).

h.    James Boshears was a co-conspirator who participated in the conspiracy charged in Count One from in and about April 17, 2006 through in and about the date of the Indictment, primarily by telling various Aryan Brotherhood members that

      Richard Aue wanted Billy Anders killed (Doc. 371 at 43-44).

<u>Independent Evidence of the Conspiracies</u>

6.     The Court's findings of fact above are supported by the co-conspirators' statements, the testimony of F.B.I. Special Agent Theodore Griego, physical evidence including the *Aue Letter*, the *Puckett Letter*, a letter sent by Courtlan Edmonds, letters sent by Defendant Thompson, and two exhibits containing Billy Anders' address and phone information, and video and audio recordings of statements by the Defendants.

<u>Statements Made in Furtherance of the Conspiracies</u>

7.     With the exception of the statement identified in the Government's Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing (Doc. 371) as Statement 37, the co-conspirator's statements set forth in the Government's Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing and in the Government's Second Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing (Doc. 378) were made in furtherance of the conspiracy or conspiracies specified.

## CONCLUSIONS OF LAW

1.     The Court concludes that, with the exception of Statement 37, the statements set forth in the Government's Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing and in the Government's Second Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing are admissible during the guilt phase of the trial under Rule of Evidence 801(d)(2)(E).

2.     The Government has provided an adequate factual basis to establish the existence of the conspiracies charged by a preponderance of the evidence.

3.  The declarant of each statement set forth in the Government's Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing and in the Government's Second Supplemental Brief Regarding Identification of Co-conspirator Statements for *James* Hearing was a member of the relevant conspiracy(ies), and each statement is offered against the Defendants Cook, Arrington, and Thompson, who were also members of the relevant conspiracy(ies).

4.  With the exception of Statement 37, each of the statements set forth in the Government's Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing and in the Government's Second Supplemental Brief Regarding Identification of Co-Conspirator Statements for *James* Hearing was made in the course and furtherance of the relevant conspiracy(ies).

_____
UNITED STATES DISTRICT JUDGE