IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       CRIMINAL NO.: 07-766 WJ

SAMUEL ZACHARY ARRINGTON,

    Defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR ORDER OF INELIGIBILITY FOR REDUCED SENTENCE UNDER 18 U.S.C. § 3582 and DISMISSING DEFENDANT'S MOTION TO REDUCE SENTENCE FOR LACK OF JURISDICTION

THIS MATTER is before the Court on Defendant Samuel Zachary Arrington's Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582, filed on November 17, 2014 (**Doc. 667**) and the United States' Motion for Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582, filed on May 4, 2017 (**Doc. 695**). The United States Probation Office filed a memorandum on October 21, 2015 (the "Probation Memo"), which has as an attachment the Defendant's Pre-Sentence Report ("PSR") which was prepared in connection with the sentencing of the Defendant for the underlying offenses. Subsequently, the United States filed its Motion. Defendant has not filed a Response. Having considered the written arguments and the applicable law, the Court finds that the United States' Motion is well-taken and, therefore, is **GRANTED**, and Defendant's Motion is not well-taken and, therefore, is **DISMISSED** for lack of jurisdiction.

## DISCUSSION

On May 28, 2009, Defendant was sentenced to 132 months imprisonment, with 4 years' supervised release to follow for the following charge(s): Count 1: Violent Crimes in Aid of Racketeering (Conspiracy to Commit Murder) and Count 8: Conspiracy, to wit: Distribute of 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine. On November 17, 2014, Defendant filed a Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive guideline amendment to U.S.S.G. § 2D1.1 (Doc. 667).

"Generally, federal courts are prohibited from 'modify[ing] a term of imprisonment once it has been imposed." *United States v. Kurtz*, 819 F.3d 1230, 1233–34 (10th Cir. 2016) (quoting *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013)); *See also* 18 U.S.C. § 3582(c). "But 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' district courts 'may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Kurtz*, 819 F.3d at 1234 (quoting § 3582(c)(2)).

The Court has no authority to further reduce Defendant's sentence. As the Probation Memo correctly found, based on the 2014 retroactive guideline amendment to U.S.S.G. § 2D1.1 (Amendment 782), Defendant's base offense would be 30, rather than 32. However, under the multiple count calculations, the total offense level would remain at 35, combined with a criminal history category of IV, resulting in the same guideline imprisonment range of 235 to 292 months originally calculated. Moreover, because Defendant was granted a downward variance and sentenced to 132 months, which is lower than the applicable guideline range, the Court finds

Defendant is not eligible for any further reduction.  *See United States v. Boyd*, 721 F.3d 1259, 1264 (10th Cir. 2013) (a defendant is generally not eligible for a sentencing reduction if he already received a sentence that was at or below the bottom of the new guideline range).  In other words, as the government appropriately points out, the new low-end of the sentencing range (235 months) is not below the sentence previously imposed (132 months), so Amendment 782 has not resulted in a new sentencing range below the sentence previously imposed.

Accordingly, for the reasons herein stated, the Court finds that Defendant's Motion to Reduce Sentence (**Doc. 667**) is not well-taken and is therefore **DISMISSED** for lack of jurisdiction.  The Court further finds that the United States' Motion for Order of Ineligibility (**Doc. 695**) is well-taken and is therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE